UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**DANIELA XAVIER aka DANIELA**
**MADUERA MOREIRA**,                                          Chapter 13
    Debtor                                                      Case No. 12-18568-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

Whereas, the Debtor filed a Chapter 13 petition on October 24, 2012;[1] and

Whereas, on November 8, 2012, the Debtor filed Schedules, a Statement of Financial Affairs and a Chapter 13 plan, together with other required documents; and

Whereas, on Schedule A-Real Property, the Debtor listed an ownership interest in 37-39 Bainbridge Street, Malden, Massachusetts (the "property") with a value of $300,000; and

Whereas, the Debtor indicated that the property had been "illegally foreclosed on September 2010 [sic] as it was an unsecured debt," adding that title was not in Debtor's name; and

Whereas, on Schedule B - Personal Property, the Debtor disclosed claims against Attorney David Zak in the sum of $8,000, "Alliance for Hope/Alliance for Affordable

---

[1] The Court may take judicial notice of its docket. *See* In re Mailman Steam Carpet Cleaning Corp., 196 F.3d 1, 8 (1st Cir.1999) ("The bankruptcy court appropriately took judicial notice of its own docket.").

1

Housing" ($7,000), and "US Bank Claim against US Bank for predatory lending, fraud, and illegal foreclosure and eviction GMAC-RFC, America's Servicing Co, US Bank National Association as trustee" (unknown) [sic]; and

Whereas, on Schedule C-Property Claimed as Exempt, the Debtor claimed the property as exempt under Mass. Gen. Laws ch. 188, § 1; and

Whereas, on Schedule I - Current Income of Individual Debtor(s), the Debtor listed a son and a daughter as dependents and her occupation as the owner of a cleaning business; and

Whereas, also on Schedule I, the Debtor disclosed income from her cleaning business as well as income from social security and food stamps; and

Whereas, the Debtor disclosed monthly net income of $110 on Schedule J - Current Expenditures of Individual Debtor(s), excluding any mortgage or rent payment; and

Whereas, the Debtor filed a 60-month Chapter 13 plan through which he proposed to pay unsecured creditors a dividend of 30%; and

Whereas, on December 5, 2012, US Bank National Association as Trustee filed a Motion for Relief from the Automatic Stay to evict the Debtor; and

Whereas, the Chapter 13 Trustee objected to the Debtor's plan, citing 11 U.S.C. § 1325(a)(4), and she also objected to the Debtor's claimed homestead exemption; and

Whereas, the Debtor opposed the Motion for Relief from Stay; and

Whereas, the Debtor filed an amended Schedule C; and

Whereas, on January 15, 2013, the Debtor commenced an adversary proceeding

against US Bank National Association; and

Whereas, on December 24, 2012, the Debtor filed a Response to the Chapter 13 Trustee's Objection to her Chapter 13 plan, indicating her intent to file an amended Chapter 13 plan; and

Whereas, on January 31, 2013, the Court entered an order sustaining the Trustee's objection to her plan and requiring the Debtor to file an amended plan within 30 days failing which her case would be dismissed; and

Whereas, the Debtor failed to file an amended plan, as ordered, and her case was dismissed on March 14, 2013; and

Whereas, on March 17, 2013, the Debtor moved for reconsideration of the dismissal order, stating that she "did not know if she could amend her Chapter 13 Plan and be able to pay under the same," that "[d]ue to her daughter's cancer treatment she has had to care for her instead of being able to work," and that she had filed an amended Chapter 13 plan and an amended Schedule J and that she had forwarded her counsel a plan payment; and

Whereas, on March 18, 2013, the Court granted the Motion to Reconsider; and

Whereas, the Debtor's First Amended Chapter 13 plan elicited an objection from the Chapter 13 Trustee and a response from the Debtor, indicating an intention to file a Second Amended Chapter 13 plan; and

Whereas, on May 1, 2013, the Court ordered the Debtor to file a further amended Chapter 13 plan within 30 days; and

Whereas, the Debtor failed to file an amended plan, but filed, on June 9, 2013, after the

3

deadline, a "Nunc Pro Tunc Motion to Extend Time to File Amended Plan," which the Court granted, directing the Debtor to file an amended plan on or before June 15, 2013; and

Whereas, on June 25, 2013, the Court dismissed the Debtor's Chapter 13 case as she had failed to file, as ordered, an amended Chapter 13 plan; and

Whereas, the next day, the Debtor filed an Emergency Motion to Reconsider Order of Dismissal stating that her "Counsel mistakenly placed in calendar the event to amend Debtor's plan for July 17, 2013 [sic]," and that she intended to file another plan; and

Whereas, the Court granted the Debtor's second Motion to Reconsider; and

Whereas, the Debtor filed a Second Amended Chapter 13 plan, providing for the payment of prepetition arrearages on a car loan, a priority tax claim of the Massachusetts Department of Revenue and a 73% dividend to unsecured creditors; and

Whereas, on July 23, 2013, the Chapter 13 Trustee objected to the Debtor's Second Amended Plan on the same grounds as her objection to the Debtor's First Amended Plan, namely that it was miscalculated; and

Whereas, the Debtor filed a Response, indicating her intention to file a further amended plan; and

Whereas, On December 10, 2013, the Chapter 13 Trustee filed a Motion to Dismiss, stating the following:

> The Trustee is unable to recommend the Debtor's plan for confirmation at this time. According to a Notice of unfiled prepetition state tax returns filed by the Mass. Dept. of Revenue, the Debtor has failed to file her 2011 state tax returns. Pursuant to §1325(a)(9), the court cannot confirm the Plan if the Debtor has not filed all applicable federal, state an [sic] local tax returns as required by §1308.

> The Trustee asserts that failure to file the outstanding returns is grounds for dismissal under §1307(c) for unreasonable delay that is prejudicial to creditors.
>
> The Debtor is in arrears under the terms of the Plan totaling $1,927.00 which is equal to 8.20 month(s) of plan payments. This amount does not include the current month and may increase prior to hearing. The Debtor has not made a payment since July, 2013;

and

Whereas, the Debtor filed a Response, stating that she was in the "process of rectifying any and all matters pending with the taxing authorities" and that she would address the arrears within a month because she was experiencing financial difficulties owing to her daughter's illness; and

Whereas, on February 28, 2014, the Chapter 13 Trustee objected to the Debtor's Second Amended Chapter 13 plan, representing that the Debtor failed to treat the secured claim of Rockland Trust, that there were discrepancies with respect to car payments, and that the plan failed to comply with 11 U.S.C. § 1325(b)(1)(B); and

Whereas, the Debtor filed a Response indicating an intention to file yet another plan; and

Whereas, the Chapter 13 Trustee subsequently withdrew her Motion to Dismiss; and

Whereas, on March 14, 2014, the Court sustained the Chapter 13 Trustee's Objection to Confirmation and ordered the Debtor to file an amended Chapter 13 plan within 30 days, failing which the case would be dismissed; and

Whereas, the Debtor failed to file an amended plan as ordered; and

Whereas, on April 22, 2014, over one week after the deadline for filing the Third

Amended Chapter 13 plan, the Court dismissed the Debtor's Chapter 13 case for the third time; and

Whereas, on April 23, 2014, the Debtor filed an Emergency Motion for Reconsideration of Order of Dismissal, indicating that she had amended her plan and schedules, that Rockland Federal Credit Union and Wells Fargo Dealer Services had amended their proofs of claim,[2] that she is not incurring any auto loan expenses, and that "Debtor's inability to inform Counsel of the above facts as stated regarding the Wells Fargo claim and the Rockland Federal Credit Union claim was due to the terminal illness of her daughter which has hinder [sic] her ability to deal with things and matter in a timely basis [sic];" and

Whereas, the record of proceedings in the Debtor's case exhibits a consistent and persistent pattern whereby the Debtor ignores the Court's orders to file amended plans followed by the filing of motions for reconsideration; and

Whereas, the Debtor's Chapter 13 case has been pending for over a year and a half and the Debtor has not obtained confirmation of a Chapter 13 plan; and

Whereas, in seeking reconsideration, the Debtor did not invoke the provisions of either Fed. R. Bankr. P. 9024, which makes Fed. R. Bankr. P. 60(b) applicable to bankruptcy proceedings, or the provisions of Fed. R. Bankr. P. 9023, which makes Fed. R. Bankr. P. 59

---

[2] Rockland Federal Credit Union amended it proof of claim on March 29, 2014 to reflect no sums due, as, according to the Debtor, the claim was satisfied by insurance from a car accident. Wells Fargo amended its proof of claim on December 24, 2013 to eliminate its secured claim and to assert an unsecured deficiency claim in the sum of $4,841.88. The Court notes that the amended claims were served on counsel to the Debtor on the dates when they were filed.

applicable to bankruptcy proceedings; and

Whereas, according to the court in In re McDonald, __ B.R. __, 2014 WL 1315397

(Bankr. D. Colo. March 31, 2014),

> The Federal Rules of Civil Procedure recognize no "motion for reconsideration." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). Instead, this court construes such a filing in one of two ways. If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under [Fed. R. Civ. P.] 59(e). Id. Alternatively, if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under [Fed. R. Civ. P.] 60(b). Id.

2014 WL 1315397 at *10 (footnotes omitted, citation omitted); and

Whereas, in Chaney v. Grigg (In re Grigg), No. No. 11-71206-JAD, 2013 WL 5310207

(Bankr. W.D. P. Sept. 20, 2013), the court observed:

> While both rules serve a similar function, each has a separate purpose. *See* U.S. v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003); Benson v. Giant Food Stores, LLC, C.A. No. 09–cv–3194, 2011 WL 722256 (E.D. Pa. Feb. 28, 2011]. Where the motion (filed within fourteen days of the judgment) questions the correctness of the judgment and seeks to re-litigate the original issue before the court, the motion may be treated as one to alter or amend the judgment under Rule 59. *See* Rankin v. Heckler, 761 F.2d 936, 942 (3d Cir. 1985). In contrast, motions under Rule 60(b) must show one or more of the six enumerated grounds for reconsideration.
>
> Regardless of the stated statutory basis for relief in a reconsideration motion, the court reviews the time of filing and the function of the motion in order to ascertain whether the motion is brought pursuant to Rule 59 or Rule 60. Even where a movant has sought relief under Rule 60, the court may treat the motion as one under Rule 59 where the motion is filed within fourteen days of entry of judgment and the motion seeks to challenge the entire judgment including the merits. *See e.g.*, Rankin, 761 F.2d at 942 ("Regardless how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of a judgment may be treated as a motion to alter or amend the

> judgment under Rule 59(e)."(Citations omitted); CTC Imports and Exports v. Nigerian Petroleum Corp., 951 F.2d 573 (3d Cir. 1991)(treating motion as a Rule 59(e) motion despite being designated as a Rule 60(b) motion where motion was filed within seven days of judgment and challenged the entire judgment); Law Offices of William W. McVay, C.A. No. 06–704, 2006 WL 2850627, *4 (W.D. Pa. Oct. 3, 2006)(post-judgment motion served within ten days of judgment, other than a motion to correct clerical errors, must be considered as a Rule 59(e) motion regardless of how designated by movant).

2013 WL 5310207 at *1-2 (footnotes omitted); and

Whereas, in In re Mujica, 470 B.R. 251 (Bankr. D. P.R. 2012), *aff'd,* 492 B.R. 355 (D. P.R. 2013), the court stated:

> Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. at 218. The movant "must either clearly establish a manifest error of law or must present newly discovered evidence". Id. at 218. The party cannot use a Fed. R. Civ. P. 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. A party may not use this type of motion to raise novel legal theories that could have been addressed in first instance. Id. at 218. Federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. at 218. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id. at 218. *Also see* Global NAPs, Inc. v. Verizon New Eng., Inc., 489 F.3d at 25 (motions under Rule 59(e) are reviewed for abuse of discretion, reversing only where "the original judgment evidenced a manifest error of law . . . or in certain other narrow situations"). A party moving for Rule 59(e) relief may not repeat arguments previously made. Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir.2008). Nor may a party use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that "could, and should, have been made before judgment issued." Soto–Padró v. Public Bldgs. Auth., 2012 U.S.App. LEXIS 5144 at *21, 2012 WL 762968 at *7 (1st Cir. March 12, 2012). It is therefore exceedingly difficult for a litigant to succeed in a Rule 59(e) motion. *Also see* ACA Fin. Guar. Corp. v. Advest, Inc.,

8

512 F.3d 46, 55 (1st Cir. 2008);

470 B.R. at 254; and

Whereas, in considering a motion for reconsideration under Rule 60(b), the debtor is required to establish one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason that justifies relief;

Fed. R. Civ. P. 60(b); and

Whereas in <u>RBSF, LLC v. Franklin (In re Franklin)</u>, 445 B.R. 34 (Bankr. D. Mass. 2011), this Court observed:

> [T]he United States Court of Appeals for the First Circuit, in the context of a motion to vacate a default judgment, Rule 60(b)(6), "is a catch-all provision" and "[t]he decision to grant or deny such relief is inherently equitable in nature." <u>Ungar v. The Palestine Liberation Organization</u>, 599 F.3d 79, 83 (1st Cir. 2010) (citing <u>United States v. One Star Class Sloop Sailboat</u>, 458 F.3d 16, 25–26 & n. 10 (1st Cir. 2006); and <u>Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., Inc.</u>, 953 F.2d 17, 19–20 (1st Cir. 1992)). According to the First Circuit, however, "it is the invariable rule, and thus, the rule in this circuit, that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise." <u>Teamsters</u>, 953 F.2d at 20. Additionally,
>
> > A variety of factors can help an inquiring court to strike the requisite balance. Such factors include the timing of the request

>   for relief, the extent of any prejudice to the opposing party, the existence or non-existence of meritorious claims of defense, and the presence or absence of exceptional circumstances. This compendium is neither exclusive nor rigidly applied. Id. Rather, the listed factors are incorporated into a holistic appraisal of the circumstances. In a particular case, that appraisal may-or may not-justify the extraordinary remedy of vacatur.
>
> Ungar, 599 F.3d at 83–84 (footnote omitted, citations omitted). Thus, the contours of a motion for reconsideration, determination of which is reviewed for abuse of discretion, is "peculiarly malleable" and "hard-and-fast rules generally are not compatible with Rule 60(b)(6) determinations." Id. at 84 (citations omitted).

Franklin, 445 B.R. at 45; and

Whereas, in Braunstein v. Sanders (In re Muhammad), No. 09-10136-JNF, 2011 WL 1587125 (Bankr. D. Mass. Apr 22, 2011), this Court stated: [T]he defaulting party has the burden of proving that the default judgment should be set aside." 2011 WL 1587125 at *3 (citations omitted),

Now, therefore, the Court concludes that under the standards applicable to either Rules 59(e) or 60(b), made applicable to this matter by Fed. R. Bankr. P. 9023 and 9024, respectively, the Debtor has proffered no legitimate excuse for her failure to comply with the Court's order of March 14, 2014. Having had her case dismissed for precisely the same reasons two other times, the Debtor and her counsel cannot credibly argue the existence of mistake, inadvertence or excusable neglect. They have offered no newly discovered evidence, and they can point to no manifest error of law. The Court's order of March 14, 2014 could not have been more clear - - it contained an explicit warning to the Debtor that her case would be dismissed if she failed to file an amended plan. The Debtor (and her counsel)

appear to consider this Court's orders no more than empty exercises that can be vacated by simply filing a motion for reconsideration.

The Debtor's argument vis à vis the amended proofs of claim is unavailing. The amended proofs of claim were served electronically on Debtor's counsel well before the deadline for filing the amended plan. Debtor's counsel must be presumed to have been aware of the change in circumstances regarding the Debtor's automobile expenses having received the amended proofs of claim. While this Court is not unsympathetic to the Debtor's personal circumstances, those circumstances cannot serve as carte blanche for her and her counsel to repeatedly ignore Court orders, particularly where the Court afforded the Debtor, on two prior occasions, the opportunity to reinstate her case and proffer a Chapter 13 plan that would not promptly elicit an objection from the Trustee.

The Debtor's cavalier view of this Court's orders undermines the integrity of the Chapter 13 process, ignores the administrative burden on the Court and the office of the Chapter 13 trustee, and would appear to unequivocally establish the absence of adequate systems in the office of counsel to the Debtor to prevent the entry of dismissal orders.

For the foregoing reasons, the Court shall enter an order denying the Debtor's Motion for Reconsideration.

By the Court,

*Joan N. Feeney*

Joan N. Feeney

Dated: May 7, 2014

United States Bankruptcy Judge